UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NUNGESSER                                          CIVIL ACTION

VERSUS                                             NO. 08-3964

NEW YORK LIFE INSURANCE AND                        SECTION "B"
ANNUITY CORP. AND MARK KLINE

## ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss, with prejudice all claims brought by William H. Nungesser. (RD 11). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **GRANTED**.

## BACKGROUND

Plaintiff's claims arise from his November 7, 2001 purchase of a Variable Universal Life policy from New York Life Insurance and Annuity Corporation ("NYL"). Plaintiff was seeking to purchase a life insurance policy as an investment to provide him with a guaranteed cash value of $3,000,000.00 by age 60, protected from creditors, which would remain free from penalties, and would avoid estate taxes in the event of his death. Plaintiff alleges that Kline represented to Nungesser that this life insurance policy would require only three annual payments of $100,000.00 to achieve Nungesser's investment goals. This representation provides the basis of this suit.

Plaintiff received his policy on January 17, 2002. Plaintiff alleges that the day after the policy was delivered, NYL developed a new illustration for the policy, which showed that Plaintiff had

to invest $249,349.00 per year for five years to attempt to obtain his original investment goals, but would not necessarily provide him with the guaranteed $3,000,000.00 income by age 60. Plaintiff claims that this illustration was provided to him on July 26, 2002, after Plaintiff began making inquires about his policy. Plaintiff alleges that, on July 26, 2002, he learned that the policy required him to pay increased premiums over and above what Defendant allegedly advised him would be required to meet his investment goals. The policy provides Plaintiff with a higher death benefit cost and a larger potential taxable estate at his death, rather than the $3,000,000.00 tax-deferred account which Plaintiff understood he was purchasing. Further, Defendant allegedly advised Plaintiff that his life insurance structure allowed Plaintiff to access the money he invested in the policy, without any taxes or penalties. Plaintiff alleges that he wrote to NYL and requested that NYL return his premiums invested in the policy, but the premiums have not been returned.

In Plaintiff's Petition, he claims that he purchased the policy based upon Defendant's representations. Plaintiff seeks pecuniary and non-pecuniary damages against Kline: (1) for various alleged misrepresentations in connection with the 2001 sale of the policy; and (2) for alleged violations of La. R.S. 22:1213 and 1214.

## DISCUSSION

On a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint is subject to dismissal if a plaintiff fails "to state a claim upon which relief can be granted." In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," *Id.* (abandoning the "no set of facts" language set forth in *Conley v. Gibson*, 355 U.S. 41 (1957)).

Defendant argues that Plaintiff's claims are perempted under both the one-year and the three-year peremptive periods set forth in La. R.S. 9:5606. La. R.S. 9:5606 in pertinent part provides that all claims for damages against an insurance agent must be brought within one year from the date of the alleged act, omission, or neglect, or within one year of the plaintiff's discovery of the alleged act, omission, or neglect. The statute also imposes a three-year peremptive limit on these actions regardless of whether or not it was filed within the one-year limitation period.

Defendant also cites Louisiana Civil Code Article 3492 as a one-year prescriptive bar to Plaintiff's claims. The one year prescription applies to all delictual actions. Delictual liability

includes: intentional misconduct, negligence, abuse of right, and liability without negligence. *Langlois v. Allied Chemical Corp.*, 249 So.2d 133 (La. 1971); *Hero Lands Co. v. Texaco, Inc.*, 310 So.2d 93 (La. 1975). A delictual act is subject to a liberative prescription of one year. *Doucet v. Lafourche Parish Fire Protection Dist No. 3*, 589 So.2d 517, 519 (La.App. 1st Cir. 1991). Prescription does not commence until the Plaintiff has actual or constructive notice of the tortious act, the resulting damage, and the casual connection between the two. *Zumo v. R.T. Vanderbilt Co. Inc.*, 527 So.2d 1074, 1077 (La.App. 1st Cir. 1988).

The petition on it's face shows that prescription has run. The record contains evidence that Plaintiff had actual or constructive notice of the problem on July 26, 2002 when the new illustration was delivered to him. (*See* Petition for Damages at ¶8.) At this time Plaintiff was aware or should have been aware that the new illustration required him to pay increased premiums in order to meet his investment goals. Plaintiff did not file suit until June 13, 2008, almost six years after Plaintiff should have discovered Defendant's error.

Plaintiff argues that prior to learning that NYL would not return his premiums as promised by Defendant, Plaintiff did not know and could not have known that Defendant had misrepresented to him the structure of his life insurance policy. Plaintiff's argument is without merit. Plaintiff's Petition for Damages states

4

that the new illustration stated "that the petitioner in fact needed to invest $249, 394.00 per year for five years to attempt to obtain his original investment goals, and that this five year plan would not necessarily provide him with the guaranteed $3,000,000.00 income by age 60." (Petition ¶8). The new illustration clearly stated that the Plaintiff would have to pay more than what the Defendant advised before Plaintiff signed the contract.

Even if the Plaintiff did not have actual notice that there was a problem, he had constructive notice when he received the new illustration. Constructive knowledge is enough to excite attention and put the injured party on guard. Such notice should lead to a reasonable inquiry. Such information is sufficient to start the running of prescription. *Ledet v. Miller*, 459 So.2d 202 (La.App.3 Cir. 1984), *writ denied*, 463 SO.2d 603 (La. 1985); *Bayonne v. Hartford Insurance Co.*, 353 So.2d 1051 (La.App.2 Cir. 1977); *Opelousas General Hospital v. Guillory*, 429 So.2d 550 (La. App. 3 Cir. 1983). Plaintiff correctly notes that a plaintiff's mere apprehension that something may be wrong is insufficient to commence the running of prescription unless the plaintiff knew or should have known through the exercise of reasonable diligence that his problem may have been caused by defendant's negligence. *Campo v. Correa*, 828 So.2d 502, 511 (La. 2002) (quoting *Gunter v. Plauche*, 439 So.2d 437, 439 (La. 1983)). Through reasonable diligence Plaintiff should have been on guard that there was a

5

problem when he received the new illustrations on July 26, 2002. Plaintiff's attempts to contact NYL and the Defendant on July 26, 2007 requesting that NYL return Plaintiff's premiums invested in the policy is not an indication that Plaintiff acted diligently. Plaintiff's claims against the Defendant should be barred by both the one-year and the three-year peremptive period under La. R.S. 9:5606 for the same reasons Plaintiff's claim should be barred by the one-year prescription period under La. Civil Code Art. 3492.

In the alternative to Plaintiff's misrepresentation argument, he asserts that the Defendants engaged in several alleged instances of misconduct, over the course of several years, with each act of attempting to contact the Defendant's giving rise to the commencement of a new time period for the tolling of his misrepresentation claims. Plaintiff attempts to escape the strict peremptive application of La. R.S. 9:5606(A) by urging that the Defendant's alleged cumulative misconduct was the equivalent of a continuing tort, a doctrine that may suspend prescription. *Scott v. American Tobacco*, 949 So.2d 1266, 1279-80 (La.App. 4 Cir. 2/7/07); *Bustamento v. Tucker*, 607 So.3d 532, 537 (La. 1992). However, the one and three year peremptive periods cannot be renounced, interrupted, or suspended. La. R.S. 9:5606 (D). Therefore, it is irrelevant how many times Plaintiff allegedly attempted to contact the Defendants to discuss the policy. Plaintiff's continuing tort theory is inapplicable to the peremptive periods of 9:5606 and

Plaintiff cannot prove that an actionable tort occurred after he received the policy. Plaintiff's claim against the Defendant are time barred and were not revived by any attempts to contact the Defendant.

Plaintiff contends that he has a right of action against the Defendant for violation of unfair trade practices, La. R.S. §§ 22:1212 and 22:14. Plaintiff argues *French Market Plaza Corp. v. Sequoia Ins. Co.*, 480 F. Supp. 821 (E.D.La. 1979)found that a private right of action existed under the Insurance Code. However, this argument fails. The *French Market* court found the plaintiffs there had a cause of action for negligent misrepresentation. *Id.* at. 826. *See Klein v. American Life & Casualty Co.*, 858 So.2d 527, 533 n.5 (La.App. 1st Cir. 2003). Plaintiff has failed to demonstrate facts alleged in the Complaint sufficient "to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. 544. Plaintiff's claims against the Defendant for alleged unfair and deceptive trade practices should be dismissed.

Therefore, Plaintiff's alleged misrepresentation claims against the Defendant are not plausible in accordance with *Twombly* because they are time barred by the peremptive period of La. R.S. 9:5606 and prescribed by Louisiana Civil Code Art. 3492. Furthermore, Plaintiff does not have a private right of action under La R.S. 22:1213 and 1214.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6)is **GRANTED**.

New Orleans, Louisiana this 3rd day of March, 2009.

_____
UNITED STATES DISTRICT JUDGE