UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WILLIAM H. NUNGESSER**                       **CIVIL ACTION**

**VERSUS**                                     **NO. 08-3964**

**NEW YORK LIFE INSURANCE AND**                **SECTION "B"(1)**
**ANNUITY CORPORATION**

ORDER AND REASONS

Before the Court is Defendant New York Life Insurance and Annuity Corporation's ("Defendant") Motion for Summary Judgment (Rec. Doc. No. 26). Plaintiff William Nungesser ("Plaintiff") filed a Memorandum in Opposition to said motion (Rec. Doc. No. 37). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that the summary judgment motion is **GRANTED.**

*BACKGROUND*

Plaintiff's claims arise from his November 7, 2001 purchase of a Variable Universal Life policy from Defendants. Plaintiff was seeking to purchase a life insurance policy as an investment to provide him with a guaranteed cash value of $3,000,000.00 by age 60, protected from creditors, which would remain free from penalties, and would avoid estate taxes in the event of his death. Plaintiff alleges that Mark Kline ("Kline"), an agent of Defendant, represented to Nungesser that this life insurance policy would require only three annual payments of $100,000.00 to achieve

1

Nungesser's investment goals. This representation provides the basis of this suit.

Plaintiff received his policy on January 17, 2002. Plaintiff alleges that the day after the policy was delivered, Defendant developed a new illustration for the policy, which showed that Plaintiff had to invest $249,349.00 per year for five years to attempt to obtain his original investment goals, but would not necessarily provide him with the guaranteed $3,000,000.00 income by age 60. Plaintiff claims that this illustration was provided to him on July 26, 2002, after Plaintiff began making inquires about his policy. Plaintiff alleges that, on July 26, 2002, he learned that the policy required him to pay increased premiums over and above what Kline allegedly advised him would be required to meet his investment goals. The policy provides Plaintiff with a higher death benefit cost and a larger potential taxable estate at his death, rather than the $3,000,000.00 tax-deferred account which Plaintiff understood he was purchasing. Further, Kline allegedly advised Plaintiff that his life insurance structure allowed Plaintiff to access the money he invested in the policy, without any taxes or penalties. On or about July 26, 2007, Plaintiff alleges that he wrote to Defendant and requested that Defendant return his premiums invested in the policy however the premiums have not been returned.

On June 13, 2008, Plaintiff originally filed suit against Defendant and Defendant's agent Kline. Plaintiff sought pecuniary

2

and non-pecuniary damages against Kline: (1) for various alleged misrepresentations in connection with the 2001 sale of the policy; and (2) for alleged violations of La. R.S. 22:1213 and 1214. Kline subsequently filed a Motion to Dismiss which was granted by this court (Rec. Doc. No. 11 and Rec. Doc. No. 23). This court concluded that Nungesser's claims against Kline were time barred by the peremptive period of La. R.S. 9:5606 and prescribed by Louisiana Civil Code Art. 3492. Furthermore, this court held that Plaintiff did not have a private right of action under La R.S. 22:1213 and 1214. A judgment was entered in favor of Kline.

## *DISCUSSION*

**A.  Summary Judgment Standard**

Rule 56(b) of the Federal Rules of Civil Procedure provides that a party against whom a claim is asserted may, at any time, move with or without supporting affidavits for summary judgment in the party's favor.  Fed. R. Civ. P. 56(b).  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A "material fact" is one which, given its resolution in favor of one party or another, might affect

the outcome of the suit under applicable law. *Disaster Relief Services of North Carolina, LLC v. Employers Mut. Cas. Ins. Co.*, No. 07-1925, 2009 U.S. Dist. WL 935963, at *2 (W.D. La. April 6, 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). An issue is considered "genuine" when the evidence leaves open the possibility that a rational trier of fact might still return judgment in favor of the nonmoving party. *Id.* (citing *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000)).

Where the non-moving party will bear the burden of proof at trial on the dispositive issue, in order to survive summary judgment, that party must go beyond the pleadings and designate specific facts as to make a showing sufficient to establish the existence of an essential element to the party's case. *Celotex*, 477 U.S. at 322. When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show there is some metaphysical doubt as to the material facts. *Matushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must come forward with specific facts showing there is a genuine issue for trial. *Id.* at 587. The mere existence of a scintilla of evidence on the non-moving party's position is insufficient to defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The non-moving party must present evidence upon which

4

a reasonable jury could reasonably find for the non-movant. *Id.* If the entire record could not result in a rational jury finding in favor of the nonmoving party, there is no genuine issue for trial and summary judgment is warranted. *Wheeler v. Miller*, 168 F.3d 241, 247 (5th Cir. 1999) (citing *Capital Concepts Properties 85-1 v. Mutual First, Inc.*, 35 F.3d 170, 174 (5th Cir. 1994)).

**B. La. R.S. 9:5606 Peremption and La. C.C. Art. 3492 Prescription**

Defendant argues that Plaintiff's claims are peremped under both the one-year and the three-year peremptive periods set forth in La. R.S. 9:5606. La. R.S. 9:5606 in pertinent part provides that: "[a]ll claims for damages against an insurance agent must be brought within one year from the date of the alleged act, omission, or neglect, or within one year of Plaintiff's discovery of the alleged act, omission, or neglect." The statute also imposes a three-year peremptive limit on these actions regardless of whether or not it was filed within the one-year limitation period.

Defendant also cites Louisiana Civil Code Article 3492 as a one-year prescriptive bar to Plaintiff's claims. The one year prescription applies to all delictual actions. Delictual liability includes: intentional misconduct, negligence, abuse of right, and liability without negligence. *Langlois v. Allied Chemical Corp.*, 249 So.2d 133 (La. 1971); *Hero Lands Co. V. Texaco, Inc.*, 310 So.2d 93 (La. 1975). A delictual act is subject to a liberative prescription of one year. *Doucet v. Lafourche Parish Fire*

*Protection Dist No. 3*, 589 So.2d 517, 519 (La.App. 1st Cir. 1991). Prescription does not commence until the plaintiff has actual or constructive notice of the tortious act, the resulting damage, and the casual connection between the two. *Zumo v. R.T. Vanderbilt Co. Inc.*, 527 So.2d 1074, 1077 (La.App. 1st Cir. 1988).

As previously stated by this court, the petition on it's face shows that prescription has run. The record contains evidence that Plaintiff had actual or constructive notice of the problem on July 26, 2002 when the new illustration was delivered to him (*See* Petition for Damages at ¶8). At this time Plaintiff was aware or should have been aware that the new illustration required him to pay increased premiums in order to meet his investment goals. Plaintiff did not file suit until June 13, 2008, almost six years after Plaintiff should have discovered Defendant's error.

Plaintiff argues that prior to learning that the Defendant would not return his premiums as promised by Kline, Plaintiff did not know and could not have known that Defendant had misrepresented to him the structure of his life insurance policy. Plaintiff's argument is without merit. Plaintiff's Petition for Damages states that the new illustration stated "that the petitioner in fact needed to invest $249, 394.00 per year for five years to attempt to obtain his original investment goals, and that this five year plan would not necessarily provide him with the guaranteed $3,000,000.00 income by age 60." (Petition for Damages at ¶8). The new

6

illustration clearly stated that Plaintiff would have to pay more than what the Defendant advised before Plaintiff signed the contract.

Even if Plaintiff did not have actual notice that there was a problem, he had constructive notice when he received the new illustration. Constructive knowledge is enough to excite attention and put the injured party on guard. Such notice should lead to a reasonable inquiry. Such information is sufficient to start the running of prescription. *Ledet v. Miller*, 459 So.2d 202, 204 (La.App.3 Cir. 1984), *writ denied*, 463 SO.2d 603 (La. 1985)(*stating "[plaintiffs] had constructive notice of enough facts to bring a malpractice action shortly after her surgery... as plaintiff's problems began forty-five minutes after surgery...[and] her husband was told approximately one month after surgery that wife would not be able to walk for at least six more months, thus prescriptive period began to run at that time, even though husband and wife did not know specific cause of her injuries."); Bayonne v. Hartford Insurance Co.*, 353 So.2d 1051 (La.App.2 Cir. 1977)(*stating, "[p]laintiff had sufficient knowledge to [be put on constructive notice that there was a problem when] she began having a reoccurrence of pain in her abdominal area."); Opelousas General Hospital v. Guillory*, 429 So.2d 550 (La. App. 3 Cir. 1983)("*[M]alpractice claim against hospital had prescribed where claim letter was not filed with Commissioner of Insurance until*

*more than one year after patient had obviously discovered condition of which she complained."*). Plaintiff correctly notes that a plaintiff's mere apprehension that something may be wrong is insufficient to commence the running of prescription unless Plaintiff knew or should have known through the exercise of reasonable diligence that his problem may have been caused by defendant's negligence. *Campo v. Correa*, 828 So.2d 502, 511 (La. 2002) (quoting *Gunter v. Plauche*, 439 So.2d 437, 439 (La. 1983)). However, through reasonable diligence Plaintiff should have been on guard that there was a problem when he received the new illustrations on July 26, 2002. Plaintiff's attempts to contact the Defendant and Kline on July 26, 2007 requesting that the Defendant return Plaintiff's premiums invested in the policy is not an indication that Plaintiff acted diligently. Plaintiff's claims against the Defendant should be barred by both the one-year and the three-year peremptive period under La. R.S. 9:5606 for the same reasons Plaintiff's claim should be barred by the one-year prescription period under La. Civil Code Art. 3492.

**C. Continuous Tort Claim**

In the alternative to Plaintiff's misrepresentation argument, Plaintiff asserts that Defendant engaged in several instances of misconduct, over the course of several years, with each attempt to contact Defendant giving rise to the commencement of a new time period for the tolling of his misrepresentation claims. Plaintiff

8

attempts to escape the strict peremptive application of La. R.S. 9:5606(A) by urging that Defendant's alleged cumulative misconduct was the equivalent of a continuing tort, a doctrine that may suspend prescription. *Scott v. American Tobacco*, 949 So.2d 1266, 1279-80 (La.App. 4 Cir. 2/7/07); *Bustamento v. Tucker*, 607 So.3d 532, 537 (La. 1992). However, the one and three year peremptive periods cannot be renounced, interrupted, or suspended. La. R.S. 9:5606 (D). Therefore, it is irrelevant how many times Plaintiff allegedly attempted to contact Defendant to discuss the policy. Plaintiff's continuing tort theory is inapplicable to the peremptive periods of 9:5606 and Plaintiff cannot prove that an actionable tort occurred after he received the policy. Consequently, Plaintiff's claims against Defendant are time barred and were not revived by any attempts to contact the Defendant.

**D. No Private Right of Action Under La. R.S. §§ 22:1212 and 22:14**

Plaintiff further contends that he has a right of action against Defendant for unfair trade practices under La. R.S. §§ 22:1212 and 22:14. Plaintiff argues that *French Market Plaza Corp. v. Sequoia Ins. Co.*, 480 F. Supp. 821 (E.D.La. 1979) found that a private right of action existed under the Insurance Code. However, this argument fails. The *French Market* court found Plaintiff had a cause of action for negligent misrepresentation. *Id.* at. 826. *See Klein v. American Life & Casualty Co.*, 858 So.2d 527, 533 n.5 (La.App. 1st Cir. 2003).

9

Plaintiff has failed to demonstrate facts alleged in the Complaint sufficient "to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. 544. Plaintiff's claims against Defendant for alleged unfair and deceptive trade practices should be dismissed. Also, Plaintiff's claims for fraud and rescission in his opposition to the Motion for Summary Judgment need not be addressed because they were not argued in his original complaint and his Motion for Leave to Amend those claims was denied. Rec. Doc. 46.

Consequently, Plaintiff's alleged misrepresentation claims against the Defendant are not plausible in accordance with *Twombly* because they are time barred by the peremptive period of La. R.S. 9:5606 and prescribed by Louisiana Civil Code Art. 3492. Furthermore, Plaintiff does not have a private right of action under La. R.S. 22:1213 and 1214.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**.

New Orleans, Louisiana, this 25th day of August, 2009.

_____
United States District Judge